STREEPY *v.* STATE OF INDIANA.*

[No. 25,985.   Filed October 13, 1931.]

*Thomas McNulty* and *Paul Brown*, for appellant.

*James M. Ogden*, Attorney-General, and *E. Burke Walker*, Deputy Attorney-General, for the State.

MARTIN, C. J.—The appellant was indicted for robbing, on August 26, 1927, the Kennard State Bank in Henry County.  The indictment was returned September 12, 1930.  A trial without a jury resulted in a

*See note 30 Mich. Law Rev. 791.

finding of guilty, upon which a judgment was entered of imprisonment in the Indiana State Prison for a period of 15 years. The errors assigned all raise, or attempt to raise, the single question of whether or not the statute of limitations barred the prosecution.

The law concerning the limitation of actions in effect at the time of the commission of this crime was as follows: "Prosecutions for . . . robbery . . . may be commenced at any time within five years after the commission of the offense." §20, ch. 169, Acts 1905, §2049 Burns 1926. This section, and §§19,. 21 and 22 of the same act, stated the limitations of actions for certain offenses, and §23, ch. 169, Acts 1905, §2052 Burns 1926 provided that: "In all other cases, prosecutions for an offense must be commenced within two years after its commission," etc. On May 19, 1929, §§1 and 2, ch. 198, Acts 1929 became effective. Section 2 of the 1929 act repealed §20 of the 1905 act, and §1 of the 1929 act, §2052 Burns Supp. 1929, reads as follows: "In all other cases, prosecutions for a misdemeanor must be commenced within two years, and prosecutions for a felony must be commenced within five years after its commission," etc.

The appellant contends that the crime of robbery referred to in §20, ch. 169, Acts 1905, is the forcible taking of an article of value from a person by violence or by putting in fear, as defined in §357, ch. 169, Acts 1905, §2405 Burns 1926, and that the crime of bank robbery, as defined by the statute under which he was convicted, §1, ch. 158, Acts 1927, §2425.1 Burns Supp. 1929, is not robbery, but "is a separate crime from robbery, and one may be convicted of bank robbery where he has never actually committed a robbery, but may have burned a building or have taken nothing of value from a person or failed in the perpetration of larceny." Continuing, appellant contends that the limitation for the prosecu-

tion of the crime of bank robbery is stated in §23, ch. 169, Acts 1905, and, the prosecution not having been commenced within two years after its commission, that it is barred.

We need not, and do not, decide the question as to whether the limitation of action for the crime of bank robbery (prior to the passage of the 1929 act) was placed at five years by §20 of the 1905 act or was placed at two years by §23 of the 1905 act. If we assume that appellant's contention is correct concerning the character of the crime of bank robbery and assume that, at the time it was committed, the period of limitation therefor was two years, we must still hold that, under the limitation as later fixed by §1, ch. 198, Acts 1929, the prosecution instituted on September 12, 1930, has not been barred. A crime committed on August 26, 1927, and governed by the two-year statute of limitations would not be barred until August 26, 1929. Before that date, to wit, on May 21, 1929, the 1929 act became effective, providing that prosecution for felonies (not theretofore specifically designated) must be commenced within five years. Statutes of limitation pertain to the remedy and not to substantive civil rights. *Terry* v. *Davenport* (1916), 185 Ind. 561, 576, 112 N. E. 998. There can be no vested right in a remedy or mode of procedure. *Sage* v. *State* (1890), 127 Ind. 15, 26 N. E. 667; *Robinson* v. *State* (1882), 84 Ind. 452; *In re Petition to Transfer Appeals* (1931), *ante* 365, 174 N. E. 813, 818. The accused in a criminal case cannot claim that the period prescribed by law in which a prosecution shall be begun shall remain the same as when the crime was committed. The period of limitation is granted in the grace of the sovereign and may be enlarged or contracted or altogether taken away, provided the accused is not entitled to go acquit before the subsequent law

is enacted. *Commonwealth* v. *Duffy* (1881), 96 Pa. 506, 42 Am. Rep. 554; 16 C. J. 222.

Judgment affirmed.

Myers, J., absent.