Irvin JONES, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 182S33.

Supreme Court of Indiana.

Feb. 23, 1983.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant, Irvin Jones, was convicted of the crime of child molesting, Ind.Code § 35–42–4–3, in a trial to the Grant County Circuit Court on September 2, 1981. He was sentenced to a term of twenty (20) years by the trial judge.

Appellant raises two issues for our review in this direct appeal: 1) error of the trial court in refusing to allow Jones to be present during the taking of certain depositions; and 2) sufficiency of the evidence.

Appellant was charged with unlawfully submitting to deviate sexual conduct by having his eleven year-old daughter, R.J., perform oral sex on him. R.J., and her thirteen year-old sister, B.J., both testified that their father had committed various sex acts on them numerous times, including oral sex, vaginal and anal intercourse. Mike Humphrey, Appellant's son, and a half-brother to R.J., testified that in March, 1981, he went into Appellant's bedroom and observed R.J. performing oral sex on the appellant. Mike Humphrey, R.J., and B.J. all testified at the trial. Appellant also testified in his own behalf and claimed none of these statements were true but were fabricated by Mike and the girls to get even with him for his attempts to discipline them. He further testified that the truth was the girls were in love with Mike and that there was sexual activity going on between Mike and the two girls.

I

On June 3, 1981, Appellant Jones' counsel filed a Notice for Deposition of the State's prosecuting witnesses, Michael Humphrey, R.J., and B.J. Prior to the taking of these depositions, Appellant filed a petition requesting his presence at the depositions, claiming it was necessary for him to be present to aid his counsel in the examinations. The court held a hearing on August 19, 1981, on Appellant's petition to be present and denied the petition.

■ As Appellant concedes, this Court held in *Bowen v. State*, (1975) 263 Ind. 558, 334 N.E.2d 691, that refusal to permit a defendant to be present at the taking of a deposition did not deny him his right to confrontation of witnesses guaranteed by Art. I, § 13 of the Indiana Constitution. *Id.* at 564, 334 N.E.2d at 695. The situation in *Bowen* was very similar to this case. In *Bowen* there was no request by the defendant to be present but the court on its own motion, ordered the depositions of two female infant victims to be taken without the presence of the defendant. In finding that the trial court did not commit error in so doing this Court stated:

"That provision of our constitution which guarantees an accused the right 'to meet the witnesses face to face,' is applicable to those criminal proceedings in which the accused may be condemned to suffer grievous loss of either his liberty or his property. The taking of a deposition can-

not directly have such consequences upon an accused, although a trial may; *see Kerlin v. State* [ (1970), 255 Ind. 420, 265 N.E.2d 22], *supra, Denton v. State,* (1965) 246 Ind. 155, 203 N.E.2d 539, and a parole revocation proceeding may; *see Russell v. Douthitt* (1973) 261 Ind. 428, 304 N.E.2d 793."

Hence there was no violation of Art. 1, § 13 in denying the appellant the right to be present at the depositions.

■ It was further held in *Bowen,* that the fact that the defendant was not present, thereby restricting his ability to aid his counsel in the examinations, was not sufficient prejudice or restriction to be error. Appellant claims the situation is different here since unlike the appellant in *Bowen, supra,* Appellant did request to be present at the taking of the depositions and was refused the right to do so. We see no reason for a different holding here. We have no record of the court's hearing in regard to Appellant's petition to be present so we do not know the reasons given by the court for refusing his presence. It is reasonable to assume, however, that the court felt that the presence of Appellant would be intimidating to the witnesses because of their relationship to him and their tender age. Appellant further urges us to change our rule since it is possible to use a deposition of a witness at the trial in lieu of the witness' physical presence. In that event, the absence of the appellant at the deposition could result in the witness never having to look the appellant in the eye and testify against him. Appellant refers us to Fed.R.Crim.P. 15(b), which requires the presence of a defendant at the taking of depositions unless he waives the right or engages in disruptive conduct. In *United States v. Benfield,* (8th Cir.1979) 593 F.2d 815, a deposition of the prosecuting witness was taken with the defendant in another room watching a video monitor without the witness even knowing the defendant was present. This was done on the basis of a doctor's testimony that it would be injurious to the witness' mental health to see the defendant in person. At trial the witness' deposition was offered in to evidence against the defendant, again because of a claim of the government that it would be a risk to her health to have the witness present at the defendant's trial. The 8th Circuit Court reversed the finding of guilt, claiming that the defendant's right to confrontation had been too severely abridged under those circumstances. *Id.* at 821. We do not have the same fact situation here as that faced by the 8th Circuit in *Benfield.* Here, all three of the witnesses testified in open court and Appellant was able to confront them and thoroughly cross-examine them. We accordingly find no error on this issue.

## II

■ Appellant challenges the sufficiency of the evidence, claiming that the testimony of witnesses Michael Humphrey, R.J. and B.J., was wholly incredible. He points out the conflict in the testimony, some of which showed that Michael Humphrey was an incorrigible teen-ager who resisted his father's attempts at discipline. Appellant also tried to show sexual activity between Michael and the two girls and a motive on their part to get even with their father. It is well settled that the uncorroborated testimony of the prosecuting witness is sufficient to sustain a conviction for child molesting even though the victim is a minor. *Smith v. State,* (1982) Ind., 432 N.E.2d 1363, 1372; *Bennett v. State,* (1980) Ind.App., 409 N.E.2d 1189, 1190; *Gregory v. State,* (1980) Ind.App., 408 N.E.2d 594, 596. It is also well settled that we do not judge the credibility of witnesses as a court of review, nor do we reweigh the evidence. Rather, we look only to that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *Smith v. State, supra; Muse v. State,* (1981) Ind., 419 N.E.2d 1302; *Poindexter v. State,* (1978) 268 Ind. 167, 374 N.E.2d 509. Here there was testimony by R.J. and her sister, B.J., as to the sexual activities performed upon them by their father as well as eye-witness

testimony of Michael Humphrey, who observed such activity. Mr. Kinnear of the Grant County Welfare Department also testified that when he questioned Appellant about whether he had had sexual contact with his daughter, the appellant stated to Kinnear that he did not deny it. There was ample evidence presented to the trial judge to reach the judgment he did and it was for him to determine whom he was to believe and whom he was to disbelieve. *Collins v. State,* (1981) Ind., 429 N.E.2d 623, 624.

Finding no error, we affirm the trial court.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.