Rowena Jeanne PATTERSON,
Appellant,

v.

STATE of Indiana, Appellee.

No. 18S00–8708–CR–760.

Supreme Court of Indiana.

Dec. 27, 1988.

Geoffrey A. Rivers, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial in 1984 resulted in a mistrial. A second jury trial in 1984 resulted in appellant's conviction of Second Degree Murder, Ind.Code Ann. § 10–3404 (Burns 1905) [repealed 1977], for which she received a sentence of life imprisonment. This Court reversed her conviction in 1986 because the trial court erroneously prevented two defense witnesses from testifying. *Patterson v. State* (1986), Ind., 495 N.E.2d 714. A jury trial in 1987 resulted in

appellant's conviction of Second Degree Murder, and she was sentenced to life imprisonment.

The facts are: In August of 1963, Rita Patterson was appellant's six-year-old stepdaughter. Rita lived with her sister Patty and other family members with appellant and Rita's father, who also was appellant's husband.

On August 30, 1963, Patty was seven years old. She testified at trial that on that day, she and Rita had wet the bed, and appellant said they were to get a "whipping" for it. She told Patty to sit on the bottom step of the staircase, which she did, then Patty watched appellant beat Rita with a pole all over her body and kick her as she screamed. Appellant picked up Rita and "slammed" her in the bathtub, at which time Rita stopped screaming. Appellant then placed Rita on a bed and washed the blood away from her mouth.

Appellant reported that Rita had fallen down the stairs. Dr. Joon Kim performed the autopsy in 1963 and testified that Rita had sustained a ruptured pancreas and liver, a dislocated spine from the head, and several bruises and contusions. He also testified that his findings were consistent with the hypothesis that Rita had been beaten by a club or kicked, and it was highly unlikely that her injuries were a result of a fall down the stairs. Dr. Kim also testified that he believed the official coroner's report, which listed the cause of death as accidental, to be false.

In 1963, appellant was charged for the murder of Rita but the charges were dropped when the coroner reported that the death was accidental. Patty testified that she continued to live with appellant and was beaten by her for the following ten years. As a teenager, Patty inquired about Rita's death and family members told her that appellant had been tried and acquitted of the homicide. She also was told it was she who pushed Rita down the stairs and caused her death.

Disbelieving these stories, Patty contacted the Indiana State Police in 1982 and told them that she witnessed Rita's beating in 1963. The investigation was reopened, Rita's body was exhumed and reexamined, and charges were filed against appellant for murder in 1983.

We first note that issues 1, 2, 6 and 7 of appellant's brief were the same as those raised and discussed in her first direct appeal, and we will refrain from repeating our findings here. *Id.* at 718–21.

■ Appellant argues the trial court erred in denying her motion to introduce the results of a polygraph test into evidence. She asserts that on September 4, 1963 she was contacted by the Indiana State Police and asked whether she would voluntarily submit to a polygraph examination. The officer said that the results could be used for or against her in court. Appellant believes that because she complied and took the test, she had an agreement with the State that the results would be used in court. She reasons that she was denied due process when the State breached their agreement and the test results were not admitted.

■ The results of polygraph examinations are inadmissible, absent a waiver or stipulation by both parties. *Evans v. State* (1986), Ind., 489 N.E.2d 942. A waiver or stipulation must be written and signed by both parties to be enforceable. *Helton v. State* (1985), Ind., 479 N.E.2d 538; *Pavone v. State* (1980), 273 Ind. 162, 402 N.E.2d 976.

Appellant makes no showing of a written stipulation. Therefore, the polygraph examination and results were inadmissible. *Id.*

Appellant asserts the evidence is insufficient to support the verdict and the trial court erred in denying her motion to dismiss. She contends the verdict is improper because the evidence failed to show premeditation or malice and could only sustain a verdict of manslaughter. She also argues that in light of her polygraph examinations, the coroner's report, and the police report, her motion to dismiss should have been granted because there is no probable cause to believe she committed any crime.

■ If the evidence is sufficient to sustain a conviction on appeal, then the denial of a motion for directed verdict cannot be error, and the verdict is not contrary to law. *White v. State* (1986), Ind., 495 N.E.2d 725.

■ We noted in appellant's first direct appeal that conflicting testimony was presented at trial about the facts behind Rita's death. *Patterson, supra.* However, this Court will not reweigh the evidence nor judge the credibility of the witnesses. *White, supra.* If part of the evidence standing alone would justify a guilty verdict, we cannot set the verdict aside because of evidence to the contrary. *Kremer v. State* (1987), Ind., 514 N.E.2d 1068.

Appellant asserts the bed wetting incident provoked her to a state of sudden heat which prompted the beating, and there was no proof of malice or premeditation. She reasons that the evidence only sustains a conviction of manslaughter and not second degree murder.

■ Second degree murder is a killing done purposely and maliciously, but with no premeditation. Ind.Code § 35–1–54–1 (1971), [repealed by Acts 1976, § 24]; *Neff v. State* (1978), 177 Ind.App. 248, 379 N.E.2d 473. Malice may be implied from the intentional use of a deadly weapon in a manner reasonably calculated to cause death or great bodily injury or from any deliberate or cruel act by one person against another. *Covington v. State* (1975), 262 Ind. 636, 322 N.E.2d 705. The inference of malice may be rebutted by evidence that the killing was the result of a sudden heat of passion induced by sufficient provocation, and if established, the offense is reduced from murder to manslaughter. *Love v. State* (1977), 267 Ind. 302, 369 N.E.2d 1073.

■ For the offense to be reduced to manslaughter, it must be found that there was sufficient provocation to arouse the emotions of the ordinary man so as to obscure his reasoning powers. *Bryan v. State* (1983), Ind., 450 N.E.2d 53. We disagree with appellant that learning a child had wet the bed was sufficient provocation to obscure the reasoning powers of the ordinary person. *Robinson v. State* (1983), Ind., 453 N.E.2d 280. The evidence fails to support a manslaughter conviction.

Appellant asserts the verdict should be set aside because the State never proved the actual cause or mechanism of death.

■ At trial, expert witnesses testified that Rita suffered a hyperextended neck and hemorrhaging due to ruptured internal organs. State's witnesses testified they could not determine what precisely caused Rita's injuries. However, one concluded Rita suffered a beating and not a fall down the stairs, and the other stated that her injuries were consistent with a blow from a blunt object and were inconsistent with a fall. Witnesses for the defense stated there were several possible causes of death, including a beating or a fall down the stairs.

■ The cause of death may be established by circumstantial evidence presented at trial. *Wilson v. State*, 432 N.E.2d 30 (Ind.1982); *Hall v. State* (1978), 269 Ind. 24, 378 N.E.2d 823. It was the prerogative of the jury to weigh the evidence and determine the credibility of all the witnesses. We find the evidence is sufficient to sustain the verdict.

Appellant argues the trial court erred in refusing her tendered instructions and proposed verdict forms. Her tendered instructions and verdict forms stated that the jury could find her guilty of voluntary and involuntary manslaughter, assault and battery with intent to commit a felony and assault and battery, and they defined those offenses. The trial court refused the instructions and forms because the statute of limitations barred any lesser included offense.

■ The applicable statute of limitations is that which was in effect at the time the prosecution was instituted. *Greichunos v. State* (1983), Ind.App., 457 N.E.2d 615; *Streepy v. State* (1931), 202 Ind. 685, 177 N.E. 897. In appellant's case, the information charging her with Murder was filed in 1983. In force at that time was Ind.Code § 35–41–4–2, which stated that a

608

prosecution for murder or a Class A felony may be brought at any time. It also stated that a prosecution of a Class B, Class C, or Class D felony is barred unless commenced within five years.

 Appellant's tendered instructions were properly refused. Under Ind.Code §§ 35–42–1–3 and 4, voluntary manslaughter is a Class B felony and involuntary manslaughter is a Class C or D felony. The other offenses on which appellant requested an instruction would be a Class C or D felony under Ind.Code § 35–42–2–1, which defines battery and other related offenses.

Because appellant's case was not commenced within five years of the commission of these proposed lesser included offenses, prosecution for them is barred. If the defendant could not be convicted of the lesser included offenses, the instructions upon such offense are properly refused. *Johnson v. State* (1976), 265 Ind. 470, 355 N.E.2d 240.

Also, appellant's tendered instructions were contrary to the evidence presented. The State brought forth evidence that appellant beat Rita until she died; appellant asserts that Rita's wounds resulted from a fall down the stairs. Therefore, an instruction upon the proposed lesser included offenses would have been inconsistent with the evidence presented by both the State and the defense and would only have suggested a compromise verdict. We find no error in the refusal of the instructions. *Brackens v. State* (1985), Ind., 480 N.E.2d 536.

Appellant argues her sentence of life imprisonment is improper.

Rita's death occurred in 1963, at which time the sentence for second degree murder was life imprisonment. Ind.Code Ann. § 10–3404 (Burns 1905). In 1969, the statute was amended to state that one convicted of second degree murder shall be sentenced for life, or not less than fifteen or more than twenty-five years. Ind.Code § 35–1–54–1. Appellant asserts that the trial court should have considered the doctrine of amelioration and Ind.Code § 35–1–54–1 in determining her sentence.

The statute to be applied when arriving at the proper criminal penalty should be the one in effect at the time the crime was committed. *Beavers v. State* (1984), Ind., 465 N.E.2d 1388. Because Ind.Code Ann. § 10–3404 (Burns 1905) was in effect at the time of the offense, the trial court properly sentenced appellant to life imprisonment.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.