John G. RITA, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 71S03–9610–CR–678.

Supreme Court of Indiana.

Dec. 31, 1996.

---

two of the State's subpoenas so that the State could take ex parte statements from prospective witnesses *after* Rita had been charged? We hold that the trial court erred when it enforced the subpoenas and remand for proceedings consistent with this opinion.

## I. Factual & Procedural Background

As Rita was driving on Douglas Road in South Bend during the early morning hours of November 13, 1993, his vehicle struck and killed pedestrian Mara Fox. After Rita had been charged by information and before the first trial, the State issued subpoenas to four witnesses as part of its ongoing investigation. The State asked the trial court to enforce two of the subpoenas after two witnesses refused to speak with prosecutors. The court granted the request and refused to accord Rita, when he requested it, equal right to conduct similar ex parte interviews. The two witnesses who were questioned pursuant to the subpoenas testified at trial and were available for cross-examination at that point. The jury deadlocked on Count I and the State is retrying Rita on that charge. This interlocutory appeal presents the certified question whether the court erred in enforcing the subpoenas. We also address the appropriate remedy if error occurred.

## II. Enforcement of the Subpoenas was Error

In enforcing the subpoenas, the trial court relied on IND.CODE § 33–14–1–3. That section, originally enacted in 1852 and never amended, provides:

> Whenever any prosecuting ... attorney shall receive information of the commission of any felony ... he shall cause process to issue from a court having jurisdiction to issue the same ... to the proper officer, directing him to subpoena the persons therein named likely to be acquainted with the commission of such felony ... and shall examine any person so subpoenaed before such court touching such offense; and if the facts thus elicited are sufficient to establish a reasonable presumption of guilt against the party charged, said court shall cause so much of said testimony as

Charles A. Asher, South Bend, for Appellant.

Pamela Carter, Attorney General, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee.

BOEHM, Justice.

Defendant John G. Rita was charged with knowingly leaving the scene of a fatal accident[1] (Count I) and with causing the death of another person while driving intoxicated[2] (Count II). The trial court certified several issues for interlocutory appeal. We granted transfer to address one of these questions: did the trial court commit error by enforcing

---

1. IND.CODE § 9–26–1–1 (1993).

2. IND.CODE § 9–30–5–5 (1993).

amounts to a charge of a felony ... to be reduced to writing and subscribed and sworn to by such witness, whereupon such court shall cause process to issue for the apprehension of the accused, as in other cases.

The dispute here is whether this statute, or any other procedure, can be used by either party to subpoena witnesses after the initiation of criminal proceedings against the accused. Rita argues that the statute by its plain terms applies only to pre-charge inquiries. Alternatively, Rita contends that reciprocal discovery required that he be accorded equal ability to conduct ex parte conversations. The State responds that the statute as construed in *Lee v. State,* 526 N.E.2d 963 (Ind.1988) permits the prosecution, but not the defense, to take ex parte statements from prospective witnesses. At the first trial, the court rejected Rita's objections to the ex parte interrogation of two witnesses. The court also ruled during the first trial that any written statements taken were discoverable by Rita. The Court of Appeals held that the statute permits the State to conduct ex parte inquiries, even after commencement of adversary proceedings, because "the purpose of the statute is to assist the prosecutor in fulfilling his or her duty to investigate crimes by providing a means of seeking unwilling witnesses." *Rita v. State,* 663 N.E.2d 1201, 1208 (Ind.Ct.App.1996).

## A. IND.CODE § 33–14–1–3 *Applies Only to Pre–Charge Interrogations.*

For several reasons, we cannot agree with the interpretation of IND.CODE § 33–14–1–3 adopted by the trial and appellate courts in this case. First and foremost, the plain language—always our first line of inquiry—belies the State's proposed construction. The statute merely provides a tool for prosecutors to investigate crimes in the first instance. All the statute says is that if a prosecutor learns that a crime may have been committed, the prosecutor may, first,

subpoena anyone in the jurisdiction who may know about the crime and, second, seek "process" leading to an arrest if the facts uncovered support that action. Thus, by its express terms the statute is not available at the post-indictment or post-information stage. Moreover, read in conjunction with other provisions, the statute's purpose of facilitating the initial decision to prosecute is clear. The predecessor to current IND.CODE § 33–14–1–3 was a part of "AN ACT to provide for the election, and certain of the duties of prosecuting and district attorneys." Acts 1852, 2RS Part III, c. 3 (footnote omitted). The statute did not purport to address criminal trial procedures. Indeed, the other sections in the original 1852 statute focused on the bare establishment of the prosecutor's office. We see nothing in that chapter to indicate a legislative purpose to create a substantive subpoena power once criminal proceedings are underway. To the contrary, the plain language of the statute compels the opposite conclusion by providing for "process to issue for the apprehension of the accused" *after* the ex parte inquiry has been conducted. IND.CODE § 33–14–1–3 (1993). The term "process" for "apprehension" of the accused has not been defined by our cases. Nor as far as we can determine does it appear elsewhere in the modern statutes of this state. However, in context it appears fairly clearly to refer to the initiation of criminal proceedings. Accordingly, we hold that the indictment or information is "process" for "apprehension" of the accused. Once that process has issued, the statute is no longer an available prosecutorial tool with respect to the crime charged.

This interpretation is consistent with relevant policy considerations. Permitting one side but not the other to question prospective witnesses in an ex parte format flies in the face of reciprocal discovery rights secured by the Indiana Trial Rules, which now govern the conduct of criminal trials.[3] As elaborated below, our Trial Rules afford all parties

---

**3.** Criminal Rule 21, by its literal terms, applied only to criminal "appeals" at the time of Rita's first trial. Rule 21 was recently amended to provide that the Trial and Appellate Rules govern all criminal "proceedings." This amendment effected no change in the law. It merely reflected

the holding of *Roberts v. State,* 268 Ind. 348, 375 N.E.2d 215, 220 (1978) and its progeny that criminal trials, as well as criminal appeals, are governed by the Trial Rules to the extent the trial rules are consistent with the Criminal Rules.

the right to receive notice and to be present at a deposition. Construing IND.CODE § 33–14–1–3 to apply to post-indictment or post-information activities would create a direct and unnecessary conflict between the statute and these rules. For this reason as well, the statute does not permit post-charge ex parte discovery.[4] Trial courts have some discretion in making decisions regarding the degree and nature of discovery allowed. *Norris v. State*, 516 N.E.2d 1068, 1070 (Ind.1987). However, that discretion is bounded by the Trial Rules and none permits the ex parte discovery that occurred here.

### B. *Trial Rule 45 Does Not Permit Ex Parte Depositions.*

■ The concurrence in the Court of Appeals' opinion in this case correctly concluded that IND.CODE § 33–14–1–3 did not support the subpoenas issued by the trial court. However, we do not agree with the concurrence that the State "could have achieved the same ex parte questioning of the witnesses by resort to Trial Rule 45[.]" 663 N.E.2d at 1210. For this proposition the concurrence relied on *Jones v. State*, 445 N.E.2d 98 (Ind. 1983), which held that the state constitutional right to confront witnesses face to face, IND. CONST. art. I, § 13, was not violated where the defendant was excluded from a deposition. *Jones* was a child molestation prosecution. It held that in the circumstances of that case a deposition of a small child could be conducted without the presence of the defendant. The case does not support the general proposition that ex parte depositions are permissible. Moreover, in *Jones* defense counsel noticed the deposition and questioned the witness, even though the defendant was excluded. Here, by contrast, the State's questioning took place without either Rita or his attorney, and deprived the defense of any opportunity for pretrial cross-examination.

■ The Trial Rules contain detailed processes for pretrial discovery, including depositions. Under these rules, a party and the party's lawyer, subject only to very unusual exceptions such as *Jones*, are entitled to notice of, and the right to attend, any questioning. *See* Ind.Trial Rules 30 & 31. Trial Rule 45 simply provides the means of compelling attendance at a deposition. It does not prescribe the rules governing the conduct of depositions.

### C. *The Remedy is Exclusion of the Statements.*

■ The trial court therefore erred when it enforced the two ex parte subpoenas under the statute. Although we agree with the concurrence below that the error does not require dismissal of the charge, 663 N.E.2d at 1210, we disagree as to the grounds for arriving at this conclusion. Rita's ability to depose the same witnesses under the Trial Rules does not cure the lack of participation in the State-initiated depositions. However, the retrial has not occurred. The appropriate remedy is to exclude the statements given in response to the ex parte subpoenas and permit Rita to depose those witnesses if he wishes. The trial can then go forward with each party aware of the anticipated testimony and with each having the same opportunity to pin the witnesses' stories down before they take the stand.

### Conclusion

We summarily affirm the decision of the Court of Appeals with respect to all other issues decided below and not specifically addressed here. Ind.Appellate Rule 11(B)(3). This case is remanded for further proceedings consistent with this opinion.

SHEPARD, C.J., and DICKSON and SELBY, JJ., concur.

SULLIVAN, J., dissents, believing the Court of Appeals correctly resolved this issue.

---

4. Our decision in *Lee*, relied on by the State, involved a challenge to pretrial subpoenas issued pursuant to IND CODE § 33–14–1–3. *Lee*'s relevance here is questionable because it is unclear whether the subpoenas in that case were issued prior to the initiation of criminal proceedings.

526 N.E.2d at 965–66. In any event, to the extent *Lee* suggested that the statute authorizes the State to conduct ex parte interrogations after charges have been brought, that case is disapproved.