Larry A. PARMLEY, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 46A03–9708–CR–290.

Court of Appeals of Indiana.

July 30, 1998.

Rehearing Denied Sept. 23, 1998.

Transfer Denied Nov. 24, 1998.

Donald W. Pagos, Sweeney, Dabagia, Donoghue, Thorne, Janes & Pagos, Michigan City, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

Following a jury trial, Larry A. Parmley appeals his convictions on two counts of Child Molesting, one as a class B felony and the other as a class C felony.[1] Parmley raises six issues on appeal which we consolidate and restate as five:

I. Whether Parmley's prosecution on count II was barred by the statute of limitations.

II. Whether the evidence is sufficient to sustain Parmley's convictions.

III. Whether Parmley's trial, held more than one year after his charge and arrest, violated Ind.Criminal Rule 4(C).

IV. Whether the trial court abused its discretion by allowing witnesses to testify regarding prior consistent statements made by the victim.

V. Whether the trial court abused its discretion by admitting evidence of Parmley's prior bad acts.

1. IND.CODE § 35–42–4–3 (1988).

We affirm.

In December 1989, the victim lived with her father, Parmley. That month, Parmley had sexual intercourse with the victim, who was ten years old. In May or June of 1993, Parmley and his friend, Cliff Snyder, assaulted the victim as she was getting out of the shower. While Parmley stood behind her and held her arms, Snyder inserted a plunger handle into her "crotch," causing her to bleed. Record at 523. Additional facts are provided as needed.

## I.

### *Statute of Limitations*

Parmley contends the statute of limitations barred the State from prosecuting him on Count II which charged Parmley with Child Molesting as a class B felony for an act which allegedly occurred on or about December 7, 1989. Parmley argues that the applicable statute of limitations is the one which was in effect at the time he committed the crime. The then existing statute provided that a prosecution for a class B felony had to be commenced within five years of the alleged offense. IND.CODE § 35–41–4–2 (1988). Parmley was not charged with Count II until April 26, 1995, more than five years after the alleged act.

We disagree with Parmley's argument because the applicable statute of limitations is not the one which was in effect at the time of the alleged offense. Instead, the applicable statute is that which was in effect at the time the prosecution was initiated. *Patterson v. State*, 532 N.E.2d 604, 607 (Ind. 1988). Between the date of the alleged offense and the time Parmley was charged, the statute of limitations was amended to allow prosecutions for child molesting to be commenced at any time prior to the date that the alleged victim reaches thirty-one years of age. IND.CODE § 35–41–4–2(c) (1993) (as amended by 1993 Ind.Acts P.L. 232–1993, § 3). The 1993 amendment also provided that it applied only to crimes committed after June 30, 1988. 1993 Ind.Acts P.L. 232–1993, § 4. Since the victim had not reached the

age of thirty-one as of April 26, 1995 and the alleged act occurred after June 30, 1988, Parmley's prosecution on Count II was not barred by the applicable statute of limitations.

## II.

### Sufficiency of the Evidence

■ Parmley argues that the evidence is insufficient to support his convictions for Child Molesting. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind.1995), *reh. denied*. We look to the evidence and the reasonable · inferences therefrom that support the verdict. *Id*. The conviction will be affirmed if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id*.

In order to convict Parmley of Count I, the State was required to prove beyond a reasonable doubt that (1) Parmley was over the age of sixteen; (2) the victim was twelve years of age or older but under sixteen years of age; (3) and Parmley performed sexual intercourse or deviate sexual conduct with the victim. IND.CODE § 35–42–4–3(c) (1988). Deviate sexual conduct is defined, in part, as "the penetration of the sex organ or anus of a person by an object." IND.CODE § 35–41–1–9 (1988).

The victim testified that in May or June of 1993, Parmley and his friend, Cliff Snyder, assaulted her after she got out of the shower. While the victim was on the floor of the bathroom, Snyder inserted a bathroom plunger into her "crotch." Record at 523. While Cliff held the plunger, Parmley stood behind the victim, and the victim testified that she "think[s]" that Parmley was holding her arms above her head. Record at 522.

■ A conviction for child molesting may rest solely upon the uncorroborated testimony of the victim. *Heeter v. State*, 661 N.E.2d 612, 616 (Ind.Ct.App.1996). Nevertheless, Parmley argues that the jury's assessment of the victim's testimony should be overridden because her testimony is incredibly dubious. "We will only over-turn a conviction where a victim's testimony is so incredibly dubious or inherently improbable that it runs counter to human experience, and no reasonable person could believe it." *Id*. at 615. Although the victim had trouble describing the events in great detail, we cannot say that no reasonable person could believe her testimony. Thus, we reject Parmley's invitation to override the jury's assessment of the victim's credibility.

■ Parmley also contends that since he did not insert the plunger into his daughter, he could only have been convicted pursuant to the accomplice liability statute and that the evidence was insufficient to sustain such a conviction. The jury was instructed regarding the accomplice liability statute which provides that "a person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense." IND.CODE § 35–41–2–4 (1988). The victim testified that Parmley stood behind her while Cliff held the plunger and that she thinks Parmley was holding her arms. A jury could have inferred Parmley's knowing aid based upon this testimony. Accordingly, we hold that the evidence was sufficient for a jury to conclude beyond a reasonable doubt that Parmley was guilty of Child Molesting as charged in Count I.

■ To convict Parmley of Count II, the State was required to prove beyond a reasonable doubt that Parmley performed sexual intercourse with a child under the age of twelve. IC 35–42–4–3(a). The victim testified that in December of 1989, Parmley had sexual intercourse with her. The victim was ten-years-old at the time. · Parmley contends that there is no evidence that penetration occurred. To the contrary, the record reveals that the victim testified as follows:

Q: ... I'm going to ask you very directly and I want as direct an answer as you can be. Did your father put his penis inside you?

A: I believe so, yes.

Record at 533. This evidence is sufficient to sustain Parmley's conviction on Count II.

### III.

### Criminal Rule 4(C)

Parmley argues that the State's failure to bring him to trial within one year of the date of his charge and arrest requires that his convictions be reversed. Criminal Rule 4(C) provides that no person shall be held on recognizance or otherwise required to answer a criminal charge for a period embracing more than one year from the later of the date the charge was filed or the person's arrest on the charge. Parmley was both arrested and charged on April 26, 1995. Parmley's trial began on March 25, 1997.

On April 8, 1996, prior to the end of the one-year period, the trial court set a trial date for January 1997. This date was later reset for March 25, 1997. At no time did Parmley object to a trial date being set beyond the one-year period established by Criminal Rule 4(C). Parmley's failure to object results in waiver. *Butts v. State,* 545 N.E.2d 1120, 1123 (Ind.Ct.App.1989).

Contrary to his argument, Parmley is not helped by *Pillars v. State,* 180 Ind.App. 679, 390 N.E.2d 679 (1979), *trans. denied.* In *Pillars,* the defendant waited eleven days to object to the setting of a trial date which fell outside Criminal Rule 4(C)'s one-year period. Despite the delay, we held that this objection was sufficient to avoid waiver under the circumstances of that case. *Id.* at 682, 390 N.E.2d 679. Unlike the *Pillars* defendant, Parmley never objected to the trial date, and accordingly, he cannot avoid waiver.

Finally, Parmley contends that his trial counsel was ineffective for failing to object to the setting of the trial date. To prevail on a claim of ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) defendant was prejudiced by counsel's deficient performance. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Counsel is presumed competent and the defendant must present strong and convincing evidence to rebut this presumption. *Fugate v.. State,* 608 N.E.2d 1370, 1372 (Ind.1993). Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight. Isolated poor strategy, inexperience, or bad tactics do· not necessarily amount to ineffectiveness of counsel. *Bellmore v. State,* 602 N.E.2d 1ll, 113 (Ind.1992), *reh. denied.*

Parmley contends that there is no strategic reason for his trial counsel to forego objecting to the late trial date. This assertion assumes many things which Parmley has not proven, including that his trial counsel was prepared to proceed to trial within the remaining period before the year elapsed. Parmley has not met his burden of proof, and we reject his claim of ineffective assistance of counsel.

### IV.

### Prior Consistent Statements

Parmley contends that the trial court erred by allowing three witnesses to testify regarding what the victim told them about Parmley's acts of child molesting. We will reverse a trial court's decision regarding the admission or exclusion of evidence only for an abuse discretion. *Kelley v. Watson,* 677 N.E.2d 1053, 1059 (Ind.Ct.App.1997). An abuse of discretion occurs only when the trial court's action is clearly erroneous and against the logic and effect of the facts and circumstances before the court. *Id.*

Parmley argues that the three corroborating witnesses' "drumbeat repetition" of the victim's story unfairly bolstered the victim's credibility and was, accordingly, inadmissable. The admissibility of a witness's prior consistent statements is determined by Ind.Evidence Rule 801(d)(1) which provides:

> A statement is not hearsay if: ... The declarant . testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... (B) consistent with the declarant's testimony, offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, and made before the motive to fabricate arose[.]

Here, the victim is the declarant, and she testified at trial and was subject to cross-examination. The three witnesses to which Parmley objects testified that the victim told them about Parmley's acts, and these earlier statements by the victim were consistent with her trial testimony.

Parmley vigorously challenged the victim's credibility during cross-examination. During this cross-examination, Parmley raised, either expressly or implicitly, several possible motives that the victim may have had for fabricating the allegations against her father. These motives included that the victim concocted the allegations to get attention, she was angry with her father for bringing her step-mother into their home, and the allegations were a result of the victim's mother's influence over her.

Finally, the victim's prior statements were made before at least one of these motives to fabricate arose. Parmley implied that the victim raised the allegations for the first time, solely for the purpose of garnering attention, upon being questioned by a state police investigator in September of 1994. Each of the three corroborating witnesses learned of the victim's allegations prior to that date. Carrie, the victim's sister, testified that the victim told her about the plunger assault in July of 1993. Stephen Combs, the victim's friend, testified that she first told him about the earlier molestation in 1990 and that the victim told him about both incidents in the Spring of 1994. Dr. Jeffrey Samelson, the victim's therapist, testified that the victim told him about the plunger assault on September 26, 1994, two days prior to the victim's similar statement to the police.

The testimony of these witnesses regarding the victim's prior consistent statements was not hearsay under Ind.Evidence Rule 801(d)(1). Accordingly, the trial court did not abuse its discretion by admitting it.

## V.

### Prior Bad Acts

Parmley argues that the trial court abused its discretion by admitting evidence of his prior bad acts in violation of Ind.Evidence Rule 404(b). Rule 404(b) precludes the ad- mission of evidence of other crimes, wrongs, or acts for the purpose of proving the propensity of the defendant to engage in the charged conduct. *Thompson v. State*, 690 N.E.2d 224, 233 (Ind.1997). Such evidence is admissible, however, for other purposes, including "proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." Evid. R. 404(b).

Parmley identifies eighteen instances where testimony regarding his prior bad acts was improperly admitted. These instances may be divided into two categories—allegations that Parmley threatens, beats, and otherwise mistreats his wives and children and allegations regarding Parmley's sex life, including that he dresses like a woman, is involved in bondage, and engages in homosexual acts. Parmley contends that none of this evidence is relevant to whether he committed the charged acts. We disagree.

First, evidence of Parmley's violence toward his family, including the victim, was relevant to explain, in part, the victim's failure to make her allegations sooner. Other than her friend Stephen Combs, there is no evidence that the victim told anyone about the molestations until July 1993, shortly after she was removed from her father's home by child protective services. The fact that the victim was afraid of her father due to his violence toward his family helps to explain the victim's delay in making her allegations.

Second, the evidence regarding Parmley's sex life was relevant to establish the victim's reasons for leaving her father's house to live with her mother. On cross-examination, Parmley implied that the victim fabricated the molesting allegations because she was angry about the presence of her step-mother in Parmley's home and because the victim's mother had improperly influenced her. Absent additional evidence, the jury might have inferred that the victim left Parmley's home as a result of her anger about her step-mother or her own mother's influence, ·thereby supporting Parmley's claim of improper motive. Subsequent evidence revealed that the victim was removed from Parmley's home and placed in her mother's home after child protective services

was presented with photographs of Parmley's bizarre sexual affinities. Thus, evidence of Parmley's sex life was relevant to establish the reason why the victim left Parmley's home.

Finally, we conclude that the admission of this evidence does not violate Ind. Evidence Rule 403 which provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...." While the admission of Parmley's history of domestic violence and his unorthodox sexual behavior was undoubtedly prejudicial, we cannot conclude that this prejudice was unfair or that the unfair prejudice, if any, substantially outweighed the probative value described above. The trial court did not abuse its discretion by admitting this evidence.

Affirmed.

HOFFMAN and MATTINGLY, JJ., concur.