Anthony WALLACE, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 46S03–0107–CR–331.

Supreme Court of Indiana.

Aug. 16, 2001.

Donald W. Pagos, Michigan City, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General Indianapolis, IN, Attorneys for Appellees.

## ON PETITION TO TRANSFER

RUCKER, Justice.

Following his 1999 jury trial, Anthony Wallace was convicted of three counts of child molesting as Class C felonies for the 1988 and 1989 molestations of his daughters and sentenced to an aggregate term of twelve years. On review, the Court of Appeals affirmed the trial court in a memorandum decision. *Wallace v. State*, No. 46A03–0002–CR–56, 732 N.E.2d 872 (Ind. Ct.App. July 31, 2000). Wallace raises several issues on transfer, one of which we find dispositive: was his prosecution for these offenses barred by a five-year statute of limitations. We grant transfer and reverse Wallace's convictions.

### Facts

The facts most favorable to the verdict show that Anthony and Susan Wallace

were married with two daughters, T.W. and R.W. In March 1988, Susan died in an automobile accident. In July 1988, Wallace and his daughters moved from Hanna, Indiana to Wanatah, Indiana. According to the trial testimony of T.W. and R.W., shortly after moving to Wanatah, Wallace began molesting the girls, who were then ages twelve and thirteen respectively. They testified that over a sixteen-month period, Wallace fondled their breasts, inserted his finger into their vaginas, put his mouth on their vaginas, and made them touch his penis.

In October 1989, Wallace struck R.W. in the face, which caused bruising. When R.W. went to school the following day, a school counselor observed the bruising and contacted Child Protective Services. When the school counselor interviewed R.W., she was told about the molestations and notified the LaPorte County Police Department. In January 1990, Wallace voluntarily terminated his parental rights to T.W. and R.W. Thereafter, the girls' maternal grandparents adopted them. After conducting an investigation, the detective assigned to the case wrote a letter to the LaPorte County prosecutor in August 1990 recommending that the State not file criminal charges against Wallace because "none of the people interviewed support the Wallace girls' position." R. at 104, 357.

The case apparently lay dormant for the next eight years. For reasons the record does not reflect, the State suddenly charged Wallace with four counts of child molesting as Class C felonies on March 23, 1998. The case proceeded to trial by jury.

At the close of the State's case in chief, the trial court dismissed one of the counts of child molesting upon Wallace's motion for a directed verdict. The jury found Wallace guilty of the three remaining counts. The trial court sentenced Wallace to four years on each count, to be served consecutively, for a total term of twelve years. On appeal, the Court of Appeals affirmed the trial court in a memorandum decision. We grant Wallace's petition to transfer.

### Discussion

Wallace contends the statute of limitations barred the State from prosecuting him on all three counts of child molesting as Class C felonies because the acts allegedly occurred between July 1, 1988 and October 30, 1989. According to Wallace, the applicable statute of limitations provides that prosecution for a Class C felony must be commenced within five years of the alleged offense. *See* Ind.Code § 35–41–4–2(a)(1) (1998). Wallace was not charged until March 1998, more than five years after the alleged acts.

There are two important legal principles at the heart of our discussion. First, the applicable statute of limitations is that which was in effect at the time the prosecution was initiated. *Patterson v. State*, 532 N.E.2d 604, 607 (Ind.1988); *Streepy v. State*, 202 Ind. 685, 177 N.E. 897, 898 (1931); *see also Parmley v. State*, 699 N.E.2d 288, 290 (Ind.Ct.App.1998), *trans. denied.*[1] Second, the statute to be applied when arriving at a proper criminal penalty is that which was in effect at the time the crime was committed. *Williams*

---

1. In *Streepy,* this Court offered the following explanation for such a rule:

   Statutes of limitation pertain to the remedy and not to substantive civil rights. There can be no vested right in a remedy or mode of procedure. The accused in a criminal case cannot claim that the period prescribed by law in which a prosecution shall be begun shall remain the same as when the crime was committed. The period of limitation is granted in the grace of the sovereign and may be enlarged or contracted or altogether taken away. . . .

   *Streepy,* 177 N.E. at 898 (citations omitted).

*v. State,* 706 N.E.2d 149, 160 n. 7 (Ind. 1999), *reh'g denied, cert. denied,* 529 U.S. 1113, 120 S.Ct. 1970, 146 L.Ed.2d 800 (2000).

▮ Here, between the date of the alleged offenses and the time Wallace was charged, the statute of limitations was amended to allow prosecution for certain classes of child molesting to be commenced at any time before the alleged victim reaches thirty-one years of age. The statute provides in relevant part:

    (a) Except as otherwise provided in this section, a prosecution for an offense is barred unless it is commenced:

        (1) within five (5) years after the commission of a Class B, Class C, or Class D felony; or

        (2) within two (2) years after the commission of a misdemeanor.

    (b) A prosecution for murder or a Class A felony may be commenced at any time.

    (c) A prosecution for the following offenses is barred unless commenced before the date that the alleged victim of the offense reaches thirty-one (31) years of age:

        *(1) IC 35–42–4–3(a) (Child molesting).*

I.C. § 35–41–4–2 (1998) (emphasis added).[2]

At the time of the alleged offenses in this case, child molesting under Indiana Code section 35–42–4–3(a) (1988) involved sexual conduct with a child under twelve years of age and was punishable as a Class B felony. However, the State did not charge Wallace under Indiana Code section 35–42–4–3(a). This was apparently so because at the time the crimes were allegedly committed T.W. and R.W. were ages twelve and thirteen respectively, and as such they exceeded the age limitations set forth in Indiana Code section 35–42–4–3(a). Rather, the State charged Wallace with Class C felony child molesting under Indiana Code section 35–42–4–3(c) (1988), which involved sexual conduct with a child between the ages of twelve and fifteen. As such, Wallace was subject to the five-year statute of limitations in Indiana Code section 35–41–4–2(a)(1).

▮ "The primary purpose of a statute of limitations is to insure against the inevitable prejudice and injustice to a defendant that a delay in prosecution creates." *Kifer v. State,* 740 N.E.2d 586, 587 (Ind.Ct. App.2000). Statutes of limitation strike a balance between an individual's interest to be placed on notice to formulate a defense for a crime charged and the State's interest in having sufficient time to investigate and develop its case. *Roberts v. State,* 712 N.E.2d 23, 31 (Ind.Ct.App.1999), *trans. denied.* Here, although the investigation was completed in 1990, the State did not file charges against Wallace until 1998.

▮ The State acknowledges that Wallace was convicted under Indiana Code section 35–42–4–3(c) yet counters that the extended statute of limitations in Indiana Code section 35–41–4–2(c)(1) nevertheless applies because an ambiguity exists when Indiana Code section 35–41–4–2 is read as a whole. However, the statute of limitations must be construed narrowly and in a light most favorable to the accused. *Thakkar v. State,* 613 N.E.2d 453, 457 (Ind.Ct. App.1993). As such, the extended statute of limitations in Indiana Code section 35–41–4–2(c)(1) does not apply to Wallace, and the State's initiation of prosecution against Wallace nearly ten years after commission of the offenses was barred by the five-year statute of limitations in Indiana Code section 35–41–4–2(a)(1). Therefore, Wallace's

---

**2.** The General Assembly amended Indiana Code section 35–41–4–2 again in 2000. *See* I.C. § 35–41–4–2 (Supp.2000). However, the subsequent amendments only relate to the statute of limitations for murder. *Id.*

three convictions for child molesting as Class C felonies must be reversed.

### Conclusion

We reverse Wallace's convictions.

SHEPARD, C.J., and SULLIVAN, J., concur.

BOEHM, J., dissents with separate opinion, in which DICKSON, J., concurs.

BOEHM, Justice, dissenting.

Wallace was charged with child molesting as a Class C felony under the 1988 version of Indiana Code section 35–42–4–3(c). I agree with the majority that the five-year limitations period set forth in Indiana Code section 35–41–4–2(a)(1) applies, and therefore the State's claim against Wallace was stale. For many years, this state has followed the rule that a statute of limitations defense was not waivable. I believe both the current Trial Rules and policy considerations dictate that a defendant waives a statute of limitations defense by failing to raise it in the trial court. Accordingly, I would affirm the trial court.

This problem has been addressed in Indiana only a few times. Most recently, in *Smith v. State*, 678 N.E.2d 1152, 1154 (Ind.Ct.App.1997), *trans. denied*, the Court of Appeals, citing an 1859 case from this Court, *Ulmer v. State*, 14 Ind. 52, 54–55 (1859), concluded that the State's prosecution of a defendant for an offense after the expiration of the statutory period constituted fundamental error requiring reversal of the defendant's conviction. The court reasoned that because the State bears the burden of proving that the offense was committed within the statutory period, it should be viewed as an element of the crime and failing to establish it was fundamental error. *Id.* (citing *Fisher v. State*, 259 Ind. 633, 645, 291 N.E.2d 76, 82 (1973); *Atkins v. State*, 437 N.E.2d 114, 117 (Ind. Ct.App.1982)). In *Ulmer*, this Court stat-

ed that a defendant need not plead the statute of limitations defense in order to avail himself of it. 14 Ind. at 54–55.

*Ulmer* preceded the adoption of the Indiana Trial Rules by over a century. In the civil context, it is now clear that if a defendant fails to raise the statute of limitations as an affirmative defense, the defense is waived. *See* Ind. Trial Rule 8(C). Under federal criminal procedure, the answer is also clear. A statute of limitations defense is an affirmative defense to a crime that must be asserted before or at trial to avoid waiver. *See Biddinger v. Commissioner of Police*, 245 U.S. 128, 135, 38 S.Ct. 41, 62 L.Ed. 193 (1917); *United States v. Karlin*, 785 F.2d 90, 92–93 (3d Cir.1986); *United States v. Walsh*, 700 F.2d 846, 855 (2d Cir.1983); *United States v. Wild*, 551 F.2d 418, 424–25 (D.C.Cir. 1977). Under the federal rule, the jurisdiction of the court is not defeated when the State seeks to prosecute the claim beyond the statutory period. *Karlin*, 785 F.2d at 92–93. The Sixth and Tenth Circuits, which had previously held that the statute of limitations defense was not waivable, have apparently reversed course. *See United States v. Gallup*, 812 F.2d 1271, 1280 (10th Cir.1987); *United States v. Hook*, 781 F.2d 1166, 1173 n. 10 (6th Cir.1986).

As the D.C. Circuit pointed out in *Wild*, Federal Rule of Criminal Procedure 12(b) identifies the defenses that may be raised at any time. By implication, all others, including a statute of limitations defense, must be raised at or before trial. 551 F.2d at 424 (quoting 8 James Wm. Moore, *Moore's Federal Practice* § 12.03(3) (2d. ed.1976)). The same reasoning is valid under the Indiana Trial Rules. Indiana Rule of Criminal Procedure 21 provides that the appellate and trial rules now apply to criminal proceedings unless inconsistent with the criminal rules. *See Rita v. State*, 674 N.E.2d 968, 970 n. 3 (Ind.1996). Crim-

inal Rule 3 provides that a motion to dismiss based upon subject matter jurisdiction may be raised at any time, but does not specify when other affirmative defenses must be raised. Trial Rule 8(C) calls for an affirmative defense to be raised by a "responsive pleading," i.e., in the answer in the case of a civil defendant. In the criminal context, there is no analog to the answer, but the same result is accomplished by requiring a defendant to raise a statute of limitations defense in a pretrial motion, as the federal courts have advised. *See, e.g., United States v. Grimmett,* 150 F.3d 958, 961–62 (8th Cir.1998) (statute of limitations issue was properly raised in pretrial motion to dismiss under Federal Rule of Criminal Procedure 12(b)).

Policy considerations point in the same direction. I see no compelling reason to allow the civil defendant to waive a statute of limitations defense but not the criminal defendant. A criminal defendant, like a civil defendant, should not be able to sit on a statute of limitations defense until long after trial is completed. The result is a waste of taxpayer funds and court time. The statute of limitations defense is not a claim that the defendant did not commit the crime. Rather, it is a claim that the prosecution should not be permitted to go forward for policy reasons extraneous to this defendant and the crime with which he is charged. Many other more fundamental constitutional and statutory rights are accorded the criminal defendant, but most of these rights may be waived, either affirmatively or by the failure to assert them. There is no reason why the failure to assert a statute of limitations defense should be treated more favorably. *See Wild,* 551 F.2d at 424–25 (reasoning that, like the right to be represented by counsel or the right not to be put twice in jeopardy, the statute of limitations defense should be waivable). The State, as well as society at large, has a substantial interest in the prosecution of crimes, regardless of when they occurred. Requiring a statute of limitations defense to be asserted in a timely manner will encourage a defendant with a valid defense to raise it promptly. It will also avoid the situation where the State mistakenly neglects to prove the date of the offense and the defendant says nothing hoping to capitalize on that blunder on appeal.

In this case, affirming the conviction obviously sets the defendant up for an ineffective assistance of counsel claim, and the end result of my view may be the same as the majority's. The same will presumably be true in other cases unless the failure to raise the defense can be shown to have been the result of a plausible defense strategy. But requiring the defense to be asserted will encourage counsel to present it, and should discourage wasted court proceedings. For these reasons, I respectfully dissent.

DICKSON, J., concurs.