NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 24, 2010[*]
Decided March 25, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-3356

|  |  |
|---|---|
| KAY KIM, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *Plaintiff-Appellant,* |  |
| *v.* | No. 1:09-cv-829-DFH-JMS |
| GEORGE F. PARKER, et al., | David F. Hamilton, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Kay Kim filed a lawsuit under 42 U.S.C. § 1983, alleging constitutional violations related to an upcoming competency hearing in a state prosecution on misdemeanor charges. Kim complained that the judge and psychiatrist had taken away her right of self-representation without due process and were conspiring to have her indefinitely committed to a mental institution. She sued the judge who ordered the hearing; the court-appointed psychiatrist who evaluated her; and the psychiatrist's employer, Indiana University. The

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(B).

district court dismissed Kim's federal lawsuit, concluding that none of the defendants could be sued under § 1983.  Kim appeals, and we affirm.

Kim alleged in the complaint that the judge knew she could not be convicted of the criminal charges and so concocted this scheme to have her committed in lieu of going to trial.  Kim asserted that the judge, upon receiving the report of the court-appointed psychiatrist diagnosing her with a paranoid personality disorder, appointed a lawyer to represent her at the competency hearing—an act she says unfairly deprived her of her right to self-representation.

The district court granted the defendants' motions to dismiss.  The court concluded that the state-court judge was entitled to absolute immunity because she had ordered the competency examination and hearing in her official capacity.  The court also determined that the psychiatrist had absolute immunity because his immunity was "co-extensive" with that of the judge who appointed him as an expert.  Finally, the court found that Indiana University, as a state university, has immunity under the Eleventh Amendment and, additionally, could not be held liable under § 1983 solely on the basis of its status as the psychiatrist's employer.

On appeal Kim asserts that the judge was not entitled to immunity because she had acted without any jurisdiction.  According to Kim, the judge lacked jurisdiction because the statute of limitations had run on her criminal cases.  But the statute of limitations provides a defense to criminal charges and does not affect a court's jurisdiction.  *See Wallace v. State*, 753 N.E.2d 568 (Ind. 2001).  More significantly, judges have absolute immunity in § 1983 actions seeking monetary damages for judicial acts taken within their jurisdiction.  *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); *Bradley v. Fisher*, 80 U.S. 335, 351-52 (1871).  Judges are immune for their judicial acts even if they commit "grave procedural errors," act "maliciously," or exceed the bounds of their authority as long as the case is not clearly outside their subject matter jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349, 356-57 & n.7, 359 (1978).  Here, the judge had subject matter jurisdiction to hear the misdemeanor charges against Kim.

Kim next attacks the grant of immunity for the court-appointed psychiatrist and asserts that those who conspire with a judge are not protected by the judge's immunity.  But "court-appointed experts, including psychiatrists, are absolutely immune from liability for damages when they act at the court's direction."  *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009); *see Byrne v. Kysar*, 347 F.2d 734, 736 (7th Cir. 1965); *Duzynski v. Nosal*, 324 F.2d 924, 928-29 (7th Cir. 1963); *Bartlett v. Weimer*, 268 F.2d 860, 862 (7th Cir. 1959); *see also Hughes v. Long*, 242 F.3d 121, 127-28 (3d Cir. 2001); *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998); *Johnson v. United States*, 547 F.2d 688, 693 n.36 (D.C. Cir. 1976); *Burkes v.*

*Callion*, 433 F.2d 318, 319 (9th Cir. 1970).  The court-appointed psychiatrist's own immunity was a proper basis for dismissal.

Regarding Indiana University, Kim asserts that the university is not entitled to immunity under the Eleventh Amendment because, she says, it is separable from the state, as reflected by its independent efforts to raise funds from the public.  This assertion is misguided.  Indiana University is an arm of the state and shares its sovereign immunity. *See Peirick v. Ind. Univ-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 694-95 (7th Cir. 2007); *Porco v. Trs. of Ind. Univ.*, 453 F.3d 390, 395 (7th Cir. 2006).  The university's independent power to raise funds does not affect its immunity under the Eleventh Amendment.  *See Kashani v. Purdue Univ.*, 813 F.2d 843, 846 (7th Cir. 1987).

AFFIRMED.