## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 06 2019, 10:44 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Megan Shipley
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher Allen,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 6, 2019

Court of Appeals Case No.
19A-CR-1310

Appeal from the
Marion Superior Court

The Honorable
Christina Klineman, Judge

Trial Court Cause No.
49G17-1801-F6-1902

**Vaidik, Chief Judge.**

[1] On January 17, 2018, the State charged Christopher Allen with Level 6 felony criminal confinement, Class A misdemeanor domestic battery, and Class A

misdemeanor battery resulting in bodily injury, alleging that he had attacked B.S. "[o]n or about January 14, 2018[.]" Appellant's App. Vol. II p. 17. At a bench trial in May 2019, evidence was presented that Allen attacked B.S. on "January 14th," Tr. pp. 6, 22, but the year was never specified. The trial court found Allen guilty of domestic battery and sentenced him accordingly.

[2] Allen appeals, relying on holdings by our Supreme Court that the State is required to prove that the crime charged was committed within the applicable statutory limitation period (two years for misdemeanors, *see* Ind. Code § 35-41-4-2(a)(2)). *See, e.g., Fisher v. State*, 259 Ind. 633, 645, 291 N.E.2d 76, 82 (1973); *Dickinson v. State*, 70 Ind. 247, 251-52 (1880). Allen contends that the State failed to do so in this case. The State argues that (1) it presented sufficient evidence to establish that the offense occurred in 2018 and (2) even if it did not, Allen waived the issue by not raising it in the trial court.

[3] The State is clearly wrong on the first point. The State points out that the charging information alleged that the crime occurred on January 14, 2018, but the evidence actually presented at trial did not establish a year, only a day ("January 14th").

[4] The State's second argument also fails. The State acknowledges that our Supreme Court has allowed a statute-of-limitations defense to be raised for the first time on appeal, *see Wallace v. State*, 753 N.E.2d 568 (Ind. 2001), but argues that Justice Boehm's dissent in that case should be the law in Indiana. That, of course, is a matter for our Supreme Court to consider. In its brief (filed on

September 30), the State noted that a petition to transfer was pending in a case where this Court had reversed a conviction based on the State's failure to establish the date of the crime, even though the defendant did not raise the issue in the trial court. A few days after the State filed its brief in this case, however, the Supreme Court denied that petition. *Order*, Case No. 18A-CR-2876 (Oct. 3, 2019).

[5] In light of the above precedent from our Supreme Court, we must reverse Allen's conviction.

[6] Reversed.

Riley, J., and Bradford, J., concur.