James Franklin **VAIL, Sr.,**
**Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 12A02–8710–CR–397.

Court of Appeals of Indiana,
Third District.

April 6, 1989.

Richard L. Langston, Frankfort, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Vail was tried by jury and was convicted of child molesting, a Class C felony. IC 35–42–4–3(c). The evidence at trial disclosed that he had gotten the eight year old victim into bed with him and after removing her panties he ejaculated between her legs.

█ On appeal he presents four arguments. He first contends that the court erred in refusing to grant his motion to dismiss the information. He claims the information did not state the offense with sufficient certainty because it merely alleged that the molesting occurred during the year 1984 and within Clinton County, Indiana.

Our courts have consistently held that where time is not the essence of the offense it is sufficient to allege time specifically enough to establish that the offense

was committed within the period of limitations. *State v. Schell* (1967), 248 Ind. 183, 224 N.E.2d 49; *Phillips v. State* (1986), Ind.App., 499 N.E.2d 803. Furthermore, an allegation that the offense occurred within a particular county is adequate. *State v. Schell, supra.*

In addition, our decisions have often noted the peculiar problems attending child molesting cases and youthful witnesses and the necessity of permitting such offenses to be alleged generally in terms of time and place. *See, e.g., Baggett v. State* (1987), Ind., 514 N.E.2d 1244; *Phillips v. State* (1986), Ind.App., 499 N.E.2d 803.

Vail seeks to avoid the consequences of these rulings by pointing out that he filed a notice of alibi. The direct answer to this argument is that whether or not the state complied with the requirements of the alibi statute, IC 35–36–4–1 et seq., has nothing to do with whether the information was sufficient to charge an offense.

Vail presents no separate argument addressing his claim of alibi so no issue concerning it is present for review. We note, however, that IC 35–36–4–3 provides the remedy where the state fails to respond to an alibi notice: the court shall exclude any evidence offered by the state to establish that the defendant was at a place other than that stated in the information or that the date was other than that alleged in the information. *See Ashley v. State* (1986), Ind., 493 N.E.2d 768. We recognize that in cases like this the consequence may be to preclude a defendant from claiming an alibi unless he can account for the entire period at issue. On the other hand, the more generalized the state's case is as to time and place the more vulnerable it becomes to a credibility challenge.

In any event the court did not err in denying the motion to dismiss.

■ Vail next contends the court erred in admitting over objection the second part of a taped statement he gave to the police in which he admitted committing the offense.

The record discloses that Vail gave the statement on November 14, 1986 at the police station. The interview commenced at 10:29 a.m. Vail was first advised of his *Miranda* rights and executed a waiver. He then gave a statement in which he denied any involvement. At 10:47 a.m. the police stopped questioning Vail to show him a videotape of the statement they had taken from the victim. During the showing, according to Officer Moudy, Vail blurted out, "Yea, I done it." At 10:55 they resumed the taped interview in which Vail, again, confessed.

Vail argues the second portion of the tape should have been suppressed because during the break he requested an attorney. Of course, if he asserted his right to counsel, the police were bound to honor his request.

In judging such claims on appeal our standard of review requires us to consider conflicting evidence from the perspective favorable to the court's determination. If there was sufficient evidence to support the ruling we are bound to affirm it. *Grey v. State* (1980), 273 Ind. 439, 404 N.E.2d 1348.

Here the police testified that one time during the interview Vail referred to Attorney Langston. That reference occurred at the conclusion of the first portion of the tape. Referring to the prospect of going to court on these charges, Vail stated, "If I have to do it, I'm going to have to get Langston for my lawyer again."[1] We think the court correctly concluded that this comment was not an attempt to invoke his right to remain silent or to consult with an attorney before proceeding. The evidence sustains the determination that Vail's confession was voluntary and admissible.

■ Vail's third argument urges that at trial the court should have taken judicial notice of certain facts pertaining to medication he was taking. He contends the jury was thereby precluded from valuable

**1.** At the suppression hearing Vail claimed to have made two requests, both during the break, but admitted on cross examination that he believed the officers did not hear him. It appears that one of these requests was, in fact, the statement referred to in the text.

information concerning his physical and mental condition. He argues that judicial notice was proper because a court should take judicial notice of its own records in a case and the "facts" were set forth in a motion he had filed seeking a reduction in his bond. The argument is meretricious. The court certainly could have noticed that such a petition had been filed in the case if that were germane to any issue, but that would not establish the facts therein alleged. If Vail wished to present medical evidence to the jury he was bound to do so by a witness (whether live or by deposition) at trial.

▮ Finally, he argues error in the court's refusal to give an instruction on battery as a lesser included offense. Again, we disagree. As the court held in *Altmeyer v. State* (1988), Ind., 519 N.E.2d 138 where the evidence was not subject to the interpretation that the lesser offense was committed but the greater was not, it is not error to refuse the instruction. So here, as in *Altmeyer,* under the evidence the jury could not have concluded that if Vail committed battery he did not commit child molesting. There was no error.

Affirmed.

CONOVER, P.J., and HOFFMAN, J., concur.