Wayne JEWELL, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 34A05–0703–CR–153.

Court of Appeals of Indiana.

Dec. 13, 2007.

Matthew J. Elkin, Kokomo, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Scott Barnhart, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Wayne Jewell ("Jewell") appeals his convictions for two counts of Child Molesting as a Class A felony and one count of Sexual Misconduct with a Minor as a Class D felony. Addressing Jewell's arguments with respect to each count, we find that the Class D felony Sexual Misconduct with a Minor conviction is barred by the applicable statute of limitations and that one of the Class A felony Child Molesting convictions is not supported by sufficient evidence. We therefore reverse those convictions. With regard to the remaining Class A felony conviction, we find that the State's amendment of the charging information changing the location of the offense from the victim's house to the nearby Jewell house was an amendment of form, not substance. Further, with regard to this conviction, we treat Jewell's arguments of fundamental error for failure to cross-examine and to impeach, failure to investi-

gate, and failure to file a notice of alibi as ineffective assistance of trial counsel arguments. Finding no ineffective assistance of counsel, we affirm this Class A felony conviction.

### Facts and Procedural History

The record shows that in 1997, Jewell met eleven-year-old T.R. while working on a Habitat for Humanity project in Kokomo, Indiana. Jewell was then introduced to thirteen-year-old R.S., T.R.'s stepbrother. Shortly thereafter, Jewell began babysitting for the boys in his home. In approximately 2004, T.R. was in rehabilitative therapy for drug addiction when he admitted during a group therapy session that Jewell had molested him and his stepbrother when they were children. An investigation into these allegations ensued.

On February 14, 2005, the State charged Jewell with Count I: Child Molesting as a Class A felony (1998 incident involving T.R.); Count II: Child Molesting as a Class A felony (1999 incident involving T.R.); Count III: Child Molesting as a Class A felony (1997 incident involving R.S.); Count IV: Sexual Misconduct with a Minor as a Class D felony (1999 incident involving R.S.); and Count V: Sexual Misconduct with a Minor as a Class B felony (2000 incident involving R.S.). On December 22, 2005, the State added Count VI: Child Molesting as a Class C felony (alleging incidents between 1997 and 2000 involving both children).[1] On April 7, 2006, the State filed an amended information for Count III, reducing the charge from Child Molesting as a Class A felony to Sexual Misconduct with a Minor as a Class B felony. Then, on April 13, 2006, the State filed an amended information for Count I, changing only the location of the incident, and a second amended information for

---

1. The State dismissed Count VI on April 11, 2006. *See* Appellant's App. p. 6.

Count III, changing the year of the incident to 1999 and the location of the incident.

Jury trial began May 3, 2006. Following the State's presentation of the evidence, Jewell moved for judgment on the evidence with respect to Counts III, IV, and V, all involving R.S. The trial court granted the motion with respect to Count V but denied it for Counts III and IV. The defense rested. After over twelve hours of deliberation, the jury found Jewell guilty of Count IV: Sexual Misconduct with a Minor as a Class D felony (1999 incident involving R.S.)[2] and not guilty of Count III: Sexual Misconduct with a Minor as a Class B felony (1999 incident involving R.S.).[3] The jury was unable to reach a decision on Counts I and II, Child Molesting as a Class A felony, both of which involved T.R., and a mistrial was declared on those counts.

Retrial on Counts I and II began November 14, 2006.[4] Following the State's presentation of the evidence, Jewell again moved for judgment on the evidence, but the trial court denied the motion. The defense rested. Thereafter, the jury found Jewell guilty of Count I: Child Molesting as a Class A felony (1998 incident involving T.R.) and Count II: Child Molesting as a Class A felony (1999 incident involving T.R.).[5] The trial court sentenced Jewell to thirty years for Count I, thirty years for Count II, and three years for Count IV, of which he was convicted in the first trial. The court ordered Counts I and II to be served consecutively and Count IV to be served concurrent with Count I, for an aggregate sentence of sixty years. Jewell now appeals his convictions for Counts I, II, and IV.

## Discussion and Decision

Jewell raises several issues on appeal, which we restate as follows. First, he contends that the State was barred from prosecuting him for Count IV: Sexual Misconduct with a Minor as a Class D felony because the State did not commence prosecution for this offense within the applicable statute of limitations. Second, he contends that the evidence is insufficient to support Count II: Child Molesting as a Class A felony, which is based on a 1999 incident in Howard County with T.R., because T.R. did not live in Howard County in 1999 and there is no evidence that a molestation occurred then. Third, he contends that fundamental error occurred when defense counsel failed to cross-examine and to impeach T.R., failed to investigate, failed to file a notice of alibi, and failed to object to Amended Count I.

### I. Statute of Limitations

Jewell first contends that the State was barred from prosecuting him for Count IV: Sexual Misconduct with a Minor as a Class D felony (1999 incident involving R.S.), for which Jewell was convicted following the May 2006 trial, because the State did not commence prosecution for this offense within the applicable statute of limitations. It is undisputed that Jewell did not raise a statute of limitations defense regarding Count IV at trial. Nevertheless, we have held that even though a defendant does not raise a statute of limitations defense at trial, a violation of the statutory limitations period constitutes fundamental error and

---

**2.** Ind.Code § 35–42–4–9(b).

**3.** The record reflects that R.S. did not testify during the May 2006 trial.

**4.** A retrial was first scheduled for June 2006, but a mistrial was declared during *voir dire*

"due to the number of prospective jurors who are remaining and the number of remaining peremptory challenges." Appellant's App. p. 9.

**5.** Ind.Code § 35–42–4–3(a)(1).

cannot be waived. *See Smith v. State,* 678 N.E.2d 1152, 1154 (Ind.Ct.App.1997), *reh'g denied, trans. denied; see also Lamb v. State,* 699 N.E.2d 708 (Ind.Ct.App.1998), *trans. denied.*

While not directly reaching the issue of waiver, the Indiana Supreme Court, likewise, has set aside convictions where the crimes were committed outside the statute of limitations even though defense counsel first raised the defense at the appellate level. It did so through a divided court in *Wallace v. State,* 753 N.E.2d 568 (Ind. 2001). In *Wallace,* the majority, without mentioning waiver, addressed the defendant's argument that the State was barred from prosecuting him for three counts of Class C felony child molesting because he was charged after expiration of the applicable statute of limitations. Specifically, the majority held: "the State's initiation of prosecution against the defendant nearly ten years after commission of the offenses was barred by the five-year statute of limitations in Indiana Code section 35–41–4–2(a)(1). Therefore, Wallace's three convictions for child molesting as Class C felonies must be reversed." *Id.* at 570–71.

Justice Boehm dissented, with Justice Dickson joining his dissent. Specifically, Justice Boehm wrote that he "believe[s] both the current Trial Rules and policy considerations dictate that a defendant waives a statute of limitations defense by failing to raise it in the trial court." *Id.* at 571 (Boehm, J., dissenting). Justice Boehm reasoned, in part:

> I see no compelling reason to allow the civil defendant to waive a statute of limitations defense but not the criminal defendant. A criminal defendant, like a civil defendant, should not be able to sit on a statute of limitations defense until long after trial is completed. The result is a waste of taxpayer funds and court time. The statute of limitations defense is not a claim that the defendant did not commit the crime. Rather, it is a claim that the prosecution should not be permitted to go forward for policy reasons extraneous to this defendant and the crime with which he is charged. Many other more fundamental constitutional and statutory rights are accorded the criminal defendant, but most of these rights may be waived, either affirmatively or by the failure to assert them. There is no reason why the failure to assert a statute of limitations defense should be treated more favorably. *See [United States v.] Wild,* 551 F.2d [418,] 424–25 [ (D.C.Cir.1977) ] (reasoning that, like the right to be represented by counsel or the right not to be put twice in jeopardy, the statute of limitations defense should be waivable). The State, as well as society at large, has a substantial interest in the prosecution of crimes, regardless of when they occurred. Requiring a statute of limitations defense to be asserted in a timely manner will encourage a defendant with a valid defense to raise it promptly. It will also avoid the situation where the State mistakenly neglects to prove the date of the offense and the defendant says nothing hoping to capitalize on that blunder on appeal.

*Id.* at 572 (Boehm, J. dissenting). Although we recognize the persuasiveness of this dissent, we nonetheless follow the law as it now stands that a defendant does not waive a statute of limitations defense by failing to object at trial. We now proceed to address Jewell's argument on appeal.

■ Indiana Code § 35–41–4–2 sets forth the various periods of limitation and provides, in relevant part:

> (a) Except as otherwise provided in this section, a prosecution for an offense is barred unless it is commenced:

(1) within five (5) years after the commission of the offense, in the case of a Class B, Class C, or Class D felony. . . .

Ind.Code § 35–41–4–2(a)(1).[6] Here, the information for Count IV: Sexual Misconduct with a Minor as a Class D felony alleges, in pertinent part:

> [D]uring[ ] 1999 at or near 923 E. Elm in Howard County, State of Indiana, Wayne Jewell, being at least 18 years of age, to wit: 32, did perform or submit to fondling or touching with [R.S.], a child under the age of sixteen years but at least fourteen years of age, to wit: 15, with the intent to arouse or satisfy the sexual desires of the child or defendant. . . .

Appellant's App. p. 32. Because the State alleged that Count IV occurred in 1999, the State should have commenced prosecution for this offense no later than 2004. However, the State did not file Count IV until February 15, 2005, which is outside the five-year limitations period, as even the State concedes. *See* Appellee's Br. p. 7 ("Here, the charging information was filed on February 14, 2005 and alleged that Jewell committed the act in 1999. The crime was not within the five year period. Indeed, had Jewell objected or filed a motion to dismiss the charge, the court would have been compelled to dismiss the charge.") (record citation omitted).

▮ Nevertheless, the State argues that it presented evidence at trial regarding a 2000 incident between Jewell and R.S., and, therefore—based on this evidence—Jewell's conviction for Count IV should stand. We reject this argument in that if there were sufficient evidence to show that Jewell committed Sexual Misconduct with a Minor in 2000, then it should have amended the charging information to indicate such. Indeed, Indiana Code § 35–34–1–2(a)(5) provides that an information must "stat[e] the date of the offense with sufficient particularity to show that the offense was committed within the period of limitations applicable to that offense."[7] Because the State filed the information for Count IV after expiration of the five-year limitations period, the State was barred from prosecuting Jewell for Sexual Misconduct with a Minor as a Class D felony. Accordingly, we reverse Jewell's conviction for Count IV.

## II. Sufficiency of the Evidence

Next, Jewell contends that the evidence is insufficient to support Count II: Child Molesting as a Class A felony, for which Jewell was convicted following the November 2006 retrial. "When reviewing the sufficiency of the evidence to support a

**6.** We note that subsection (e) provides:

> A prosecution for the following offenses is barred unless commenced before the date that the alleged victim of the offense reaches thirty-one (31) years of age:
> (1) IC 35–42–4–3(a) (Child molesting).
> (2) IC 35–42–4–5 (Vicarious sexual gratification).
> (3) IC 35–42–4–6 (Child solicitation).
> (4) IC 35–42–4–7 (Child seduction).
> (5) IC 35–46–1–3 (Incest).
> Ind.Code § 35–41–4–2(e). Count IV is for Sexual Misconduct with a Minor; therefore, the extended period of limitations contained in subsection (e) does not apply.

**7.** In support of its argument that the evidence shows that Jewell committed Sexual Misconduct with a Minor in 2000, the State points to testimony from Jewell's now ex-wife, wherein she stated that one evening in 2000, she returned home from work and saw Jewell "standing there naked with his bathrobe and [R.S.] was laying on the bed right in front of him inches away from his private area." Tr. p. 65. This evidence, however, does not establish Sexual Misconduct with a Minor as a Class D felony, which requires, among other things, fondling or touching with intent to arouse sexual desires. *See* Ind.Code § 35–42–4–9(b).

conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict." *Drane v. State,* 867 N.E.2d 144, 146 (Ind.2007) (quotation omitted). It is the role of the fact-finder, and not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* "Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* at 146–47 (quotation omitted). "It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence." *Id.* at 147 (quotation omitted). "[T]he evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." *Id.* (quotation omitted). However, a conviction cannot be based on speculation. *Watson v. State,* 839 N.E.2d 1291, 1294 (Ind.Ct.App.2005).

■ On appeal, Jewell argues that the evidence is insufficient to support Count II, which alleges a 1999 incident in Howard County with T.R., because T.R. did not live in Howard County in 1999 and even if T.R. was in Howard County in 1999, there is simply no evidence that a molestation occurred then. Count II alleges, in pertinent part:

> [D]uring[ ] 1999 at or near 923 E. Elm in Howard County, State of Indiana, Wayne Jewell, a person of at least twenty-one (21) years of age, did perform or submit to sexual intercourse or deviate sexual conduct with [T.R.], a child under the age of fourteen years, to wit: 12. . . .

Appellant's App. p. 30.

At the November 2006 retrial, T.R. was the only witness to testify as to the specif-

ics of the molestations.[8] He stated that he met Jewell in 1997 while working on a Habitat for Humanity project and that within one or two weeks of first meeting, Jewell began molesting him. T.R. testified that the molestations occurred "[t]hree, four times a week" for "[a]bout 2 years" and that Jewell bribed him with cigarettes and alcohol. Tr. p. 117, 119. Specifically, T.R. testified that the "first time" he visited Jewell's house, which would have been in 1997, "[Jewell] came on to me, took my pants off me and sucked my penis and told me it's not—you're not gay if this happens to you, you know, it happened to me. You're not gay." *Id.* at 118–19.

T.R. further testified that in 1998, he and his family moved to Clarksville, Indiana. While T.R. was living in Clarksville, Jewell visited him. T.R. then returned to Kokomo with Jewell for a visit. T.R. stayed with Jewell for approximately one and one-half weeks, at which point T.R. "ran away" because he "was sick of what was happening. [He] felt like [he] was being violated and [he] couldn't tell anybody about it." *Id.* at 120. T.R. and his family lived in Clarksville for "[a] little over a year," *id.* at 161, and in August 1999, they moved to Young America, Indiana, *id.* at 135, 161. T.R. testified that after moving to Young America in 1999, he did not see Jewell again. *Id.* at 135.

In response to the absence of evidence regarding a 1999 molestation in Howard County, the State simply argues on appeal: "While not express, the jury could reasonably infer that Jewell molested T.R. during that visit [to Kokomo] and that he fled because of the molestation." Appellee's Br. p. 9. Indeed, the State argued during closing argument, "[T.R.] and his family were in Clarksville in 1999. That's when

---

**8.** We look only to the evidence at the retrial because the State did not offer the evidence of the first trial into the second trial.

[T.R.] came back [to Kokomo] to visit Mr. Jewell. That's when these events occurred again." Tr. p. 176. Although T.R. generally testified that Jewell molested him several times a week over the course of a two-year period, he did not specifically testify that Jewell molested him during his 1999 visit to Kokomo. In fact, during his testimony, T.R. described only one incident of child molesting—a 1997 incident in which Jewell performed oral sex on T.R. at Jewell's house. With that exception, T.R. generally testified that Jewell gave him alcohol and cigarettes and molested him without giving any descriptions of these molestations.[9]

■ As for T.R.'s 1999 visit to Kokomo, which is when the State argues that the molestation alleged in Count II occurred, T.R. did not testify that he was molested during this visit; rather, he testified that he "ran away" because he "was sick of what was happening. [He] felt like [he] was being violated and [he] couldn't tell anybody about it." *Id.* at 120. There is no evidence that these "violations" were, in fact, "molestations." And even assuming that these violations were sexual in nature, there is no evidence whatsoever that these violations involved sexual intercourse or deviate sex conduct,[10] which is required for Class A felony Child Molesting. In short, the prosecutor—after the jury was unable to reach a decision on this very count in the first trial—dropped the ball during the second trial. In fact, the prosecutor's direct examination of T.R., the only witness

to these alleged molestations, consists of only six pages, two of which are half-pages. *See id.* at 116–121. Although our standard of review directs us that the evidence is sufficient if an inference may reasonably be drawn from it to support the verdict, a conviction cannot be based on speculation. *See Watson,* 839 N.E.2d at 1294. To say that the evidence presented at trial proves that Jewell performed or submitted to sexual intercourse or deviate sexual conduct with T.R. in Howard County in 1999 is to engage in speculation. Accordingly, the evidence is insufficient to prove that count, and we reverse it.

### III. Fundamental Error and Ineffective Assistance of Counsel

■ Finally, Jewell contends that fundamental error occurred when defense counsel failed to cross-examine and to impeach T.R., failed to investigate, failed to file a notice of alibi, and failed to object to Amended Count I. Jewell asserts that he is raising these issues as fundamental error, and not as ineffective assistance of trial counsel, because "[i]neffective assistance of counsel questions are more appropriately addressed in post-conviction relief proceedings." Appellant's Br. p. 16.

■ It is true that ineffective assistance of counsel claims may be raised either on direct appeal or in post-conviction proceedings. *Benefiel v. State,* 716 N.E.2d 906, 911 (Ind.1999). However, as even Jewell concedes, "[a] postconviction hear-

---

**9.** T.R. testified that these "molestations" occurred for "[a]round two years." Tr. p. 135. Immediately following this statement, the prosecutor asked T.R.: "When Mr. Jewell was performing oral sex on you, did he perform to the point of you climaxing?" *Id.* T.R. responded yes. It is far from clear whether these "molestations," which occurred for "around two years," always consisted of Jewell performing oral sex on T.R. As noted

above, T.R. only described the "first" incident at trial.

**10.** "Deviate sexual conduct" means "an act involving: (1) a sex organ of one person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object." Ind.Code § 35–41–1–9 (formatting altered).

ing is normally the preferred forum to adjudicate an ineffectiveness claim." *Woods v. State,* 701 N.E.2d 1208, 1219 (Ind.1998), *reh'g denied.* This is because presenting such a claim often requires the development of new facts not present in the trial record, and the assessment of such a claim requires a court to consider the overall performance of counsel and the reasonable probability that the alleged error affected the outcome. *McIntire v. State,* 717 N.E.2d 96, 101 (Ind.1999). If ineffective assistance of trial counsel is raised on direct appeal, "the issue will be foreclosed from collateral review." *Woods,* 701 N.E.2d at 1220.

■ Here, by framing defense counsel's failures as fundamental error, Jewell is apparently trying to avoid being foreclosed from raising ineffective assistance of trial counsel on post-conviction review. However, three of Jewell's fundamental error claims—that defense counsel failed to cross-examine and to impeach, failed to investigate, and failed to file a notice of alibi—are not really claims of error. That is, the fundamental error doctrine is generally applied when there is a failure to object to an error at trial, which results in waiver of the issue. *See, e.g., Benson v. State,* 762 N.E.2d 748, 755 (Ind.2002) ("As a general rule, the failure to object at trial results in a waiver of the issue on appeal.... This exception to the waiver rule will apply only if the claimed error satisfies our extremely narrow fundamental error exception."); *Absher v. State,* 866 N.E.2d 350, 355 (Ind.Ct.App.2007) ("Thus, failure to object at trial constitutes waiver of review unless an error is so fundamental that it denied the accused a fair trial."); *Collins v. State,* 835 N.E.2d 1010, 1017 (Ind.Ct.App.2005) ("Generally, a failure to object to error in a proceeding, and thus preserve an issue on appeal, results in waiver. However, a court may remedy an unpreserved error when it determines the trial court committed fundamental error."), *trans. denied.* Jewell's claims that defense counsel failed to cross-examine and to impeach, failed to investigate, and failed to file a notice of alibi are not errors to which counsel could have objected at trial. Rather, they are claims that defense counsel performed deficiently and are more appropriately addressed as ineffective assistance of counsel. We will therefore address them as such. Jewell's remaining claim—that defense counsel failed to object to Amended Count I—is indeed a claim that counsel failed to object to an error at trial, and we will therefore address it as fundamental error.

## A. Ineffective Assistance of Counsel

■ To establish a claim of ineffective assistance of counsel, a defendant must satisfy two prongs: (1) the defendant must demonstrate that counsel performed deficiently and (2) the defendant must demonstrate that prejudice resulted. *State v. McManus,* 868 N.E.2d 778, 790 (Ind.2007), *reh'g denied.* "These two prongs present independent inquiries, either of which may be sufficient for disposing of a claim." *Id.*

■ "Deficient performance is representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the counsel guaranteed by the Sixth Amendment." *Id.* (quotation omitted). "Consequently, our inquiry focuses on the attorney's actions while remembering that '[i]solated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective.'" *Id.* (quoting *Timberlake v. State,* 753 N.E.2d 591, 603 (Ind.2001), *reh'g denied* ). "Indeed, a strong presumption arises that counsel rendered adequate assistance." *Id.* (quotation omitted). As for

prejudice, the defendant must show "a reasonable probability (i.e. a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different." *Reed v. State*, 866 N.E.2d 767, 769 (Ind.2007).

### 1. Failure to Cross–Examine and to Impeach

▆ Jewell first argues that defense counsel was ineffective because he "completely ignored and missed the obvious inconsistencies and matters affecting the credibility of the complaining witness." Appellant's Br. p. 13. Specifically, Jewell points out that during the first trial, T.R. testified that he lived in Clarksville for four years but during the second trial, T.R. testified that he lived in Clarksville for one year. In addition, Jewell points out that during the first trial, T.R. testified that Jewell gave him eight ounces of vodka but during the second trial, T.R. testified that Jewell gave him four ounces of vodka and four ounces of orange juice.[11]

Because Jewell is raising this issue on direct appeal, there was not a post-conviction hearing wherein defense counsel may have testified why he did not cross-examine T.R. on these matters. Regardless, these discrepancies are relatively minor and do not affect the substance of T.R.'s allegations that Jewell molested him several times a week over a two-year period while he lived in Kokomo. Defense counsel tested T.R.'s credibility at trial on other matters,[12] and counsel's failure to test T.R.'s credibility on these minor discrepancies is a trial strategy that we will not second-guess. In jury trials especially, defense attorneys walk a fine-line when cross-examining child molestation victims, and defense counsel here was not ineffective for failing to cross-examine T.R. regarding these minor discrepancies.

### 2. Failure to Investigate

▆ Jewell next argues that defense counsel was ineffective for failing to investigate. Specifically, Jewell claims counsel did not meet several witnesses, including T.R., until the first trial and did not request funds for an investigator. Jewell, however, does not allege what an investigation would have uncovered. And he cannot do so because he is raising this issue on direct appeal as opposed to raising it on post-conviction review, where he would have an opportunity to develop a record on this point. Because Jewell cannot establish prejudice, this claim of ineffectiveness fails.

### 3. Failure to File Notice of Alibi

▆ Jewell next argues that defense counsel was ineffective for failing to file a notice of alibi with respect to Count I because the probable cause affidavit alleged that the offense occurred at 923 E. Elm Street, but the original information alleged that the offense occurred at or near 917 E. North Street.[13] As such, he asserts that defense counsel "[f]rom the first reading [of Count I] . . . should have

---

11. Jewell also argues that there is a discrepancy between T.R.'s testimony in the first and second trial regarding how long the molestations occurred; however, as the State points out in its brief, the record does not bear this out.

12. For example, defense counsel extensively cross-examined T.R. on his claim that these "molestations" took place at Jewell's house while his wife was at work in light of the undisputed evidence that Jewell was also babysitting for up to twelve children at the same time.

13. Jewell also argues that defense counsel was ineffective for failing to file a notice of alibi with respect to Count II, but because we are reversing that conviction on other grounds, we need not address it here.

known the events did not occur at 917 East North Street and should have filed an alibi notice on this Count." Appellant's Br. p. 18. Jewell is apparently relying on Indiana Code § 35–36–4–2, which provides, in part:

(a) When a defendant files a notice of alibi, the prosecuting attorney shall file with the court and serve upon the defendant, or upon his counsel, a specific statement containing:

(1) the date the defendant was alleged to have committed the crime; and

(2) *the exact place where the defendant was alleged to have committed the crime;*

that he intends to present at trial. However, the prosecuting attorney need not comply with this requirement if he intends to present at trial the date and place listed in the indictment or information as the date and place of the crime.

Ind.Code § 35–36–4–2(a) (emphasis added). However, Jewell cannot establish prejudice. Simply put, Jewell does not explain how a notice of alibi would have helped his defense to this charge in light of the fact that the State, indeed, later amended Count I to provide that the offense occurred at or near 923 E. Elm Street. As explained below, we find that this amendment was proper. Accordingly, defense counsel was not ineffective on this ground.

### B. Fundamental Error

▮▮▮ Last, Jewell argues that fundamental error occurred when defense counsel failed to object when the State amended Count I: Child Molesting as a Class A felony more than one year after the omnibus date by changing the location of the offense from T.R.'s house to his house. Specifically, Jewell asserts that pursuant

to the Indiana Supreme Court's recent opinion in *Fajardo v. State,* 859 N.E.2d 1201 (Ind.2007), this is an amendment of substance, not form, and because the amendment was untimely, had defense counsel objected to it, the trial court would have sustained the objection and prohibited the amendment. The fundamental error exception to the waiver rule is extremely narrow, "available only when the record reveals clearly blatant violations of basic and elementary principles [of due process], and the harm or potential for harm [can]not be denied." *Benson,* 762 N.E.2d at 755 (quotation omitted).

We first observe that *Fajardo* was not yet decided at the time of Jewell's 2006 trials, and, therefore, defense counsel could not have made an objection based on *Fajardo.* At the time of Jewell's trials, however, case law "permitted amendments related to matters of substance simply on grounds that the changes did not prejudice the substantial rights of the defendant, without regard to whether or not the amendments were untimely." *See id.* at 1206. In *Fajardo,* our Supreme Court clarified that contrary to that case law, the statute in effect at the time of Jewell's trials categorically prohibited "any amendment as to matters of substance unless made thirty days before the omnibus date for felonies and fifteen days before the omnibus date for misdemeanors." *See id.* at 1207 (citing Ind.Code § 35–34–1–5(b) (2006)). As for immaterial defects or matters of form, the statute permitted amendment of an information at any time before, during, or after trial, so long as such amendment did not prejudice the substantial rights of the defendant. *See id.* at 1207 n. 11 (citing I.C. § 35–34–1–5(c)).[14] According to our Supreme Court:

§ 35–34–1–5 so that a charging information may be amended at any time prior to trial as

14. After *Fajardo* was decided, the Indiana General Assembly amended Indiana Code

[A]n amendment is one of form, not substance, if both (a) a defense under the original information would be equally available after the amendment, and (b) the accused's evidence would apply equally to the information in either form. And an amendment is one of substance only if it is essential to making a valid charge of the crime.

*Id.* at 1207. In addition, Indiana Code § 35–34–1–5(a)(7) provides:

(a) An indictment or information which charges the commission of an offense may not be dismissed but may be amended on motion by the prosecuting attorney at any time because of any immaterial defect, including:

\* \* \* \* \* \*

(7) the failure to state the time or place at which the offense was committed where the time or place is not of the essence of the offense.

Here, the record shows that on February 14, 2005, the State filed Count I, alleging that the offense took place in Howard County "at or near" 917 E. North Street, Tr. p. 29, which is where T.R. lived. The omnibus date was May 5, 2005. Nearly one year after the omnibus date, on April 13, 2006, the State filed Amended Count I, which alleged that the offense took place in Howard County "at or near" 923 E. Elm Street, *id.* at 36, which is where Jewell lived. It is undisputed that their houses are very close to each other. *See id.* at 125 (T.R. testifying that in order to get to Jewell's house from his house, he would walk "[t]hrough [his] back yard, through another back yard, and then right to [Jewell's] house."). Count II, Amended Count III, Count IV, Count V, and Count VI also alleged that the offenses took place in Howard County "at or near" 923 E. Elm Street.

We find *Vail v. State*, 536 N.E.2d 302 (Ind.Ct.App.1989), to be instructive. In *Vail*, the defendant argued that the trial court erred in refusing to grant a motion to dismiss a child molesting charging information that merely set forth the date and the county where the molesting was alleged to have occurred. We recognized the "peculiar problems attending child molesting cases and youthful witnesses and the necessity of permitting such offenses to be alleged generally in terms of time and place." *Id.* at 303. We held that an allegation that the offense occurred within a particular county is adequate. *Id.* Here, because the State could have alleged that Count I occurred in Howard County, *see id.*, it follows that by amending the information to change the address of the offense from T.R.'s house to Jewell's house (both of which were in Howard County), the amendment was one of form. Furthermore, because the State alleged in Count I that the offense took place "at or near" T.R.'s house on North Street, which is very close to Jewell's house on Elm Street, we find this to be an amendment of form that did not prejudice Jewell's substantial rights. Because this was an amendment of form, not substance, there are no *Fajardo* timeliness concerns, and, therefore, no fundamental error. Jewell's challenge to his conviction under Count I: Child Molesting as a Class A felony fails.

Reversed in part, affirmed in part.

BAKER, C.J., and BAILEY, J., concur.

---

to either form or substance, so long as such amendment does not prejudice the substantial rights of the defendant. *See* P.L. 178–2007

§ 1 (emergency eff. May 8, 2007); *Laney v. State*, 868 N.E.2d 561, 565 n. 1 (Ind.Ct.App. 2007), *trans. denied.*